OA 91  Criminal Complaint

# United States District Court

__NORTHERN__ DISTRICT OF __CAILFORNIA__

WDB

UNITED STATES OF AMERICA
V.

TANVEER SYED
2915 CORD COURT
SAN JOSE, CALIFORNIA 95148

FILED

JUL 0 2 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(Name and Address of Defendant)

CRIMINAL COMPLAINT

Case Number: 4 · 0 7 - 7 0 3 9 4

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about __NOVEMBER 20, 2005__ in __ALAMEDA__ County, in the __NORTHERN__ District of __CALIFORNIA__ defendant(s) did,

(Track Statutory Language of Offense)

KNOWINGLY MAKE A FALSE STATEMENT AND WILLFULLY OVERVALUE THE INCOME OF A PROSPECTIVE BORROWER FOR THE PURPOSE OF INFLUENCING IN ANY WAY THE ACTION OF ANY INSTITUTION THE ACCOUNTS OF WHICH ARE FEDERALLY INSURED,

in violation of Title __18__ United States Code, Section(s) __1014__.

I further state that I am a(n) __SPECIAL AGENT U.S. DEPT. OF STATE, DSS__ and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT

PENALTIES: 0-30 YEARS IMPRISONMENT, $1,000,000 FINE, 5 YEARS SUPERVISED RELEASE, $100 SPECIAL ASSESSMENT

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Approved
As To
Form: __STEPHEN G. CORRIGAN__
         AUSA

MICHAEL DIAMOND
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

__7-2-07__
Date

at __SAN FRANCISCO, CA__
        City and State

JAMES LARSON, CHIEF UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT MICHAEL DIAMOND

Being duly sworn, Michael Diamond states as follows:

1.      I am a Special Agent for the United States Department of State, Diplomatic Security Service (DSS), assigned to the San Francisco Field Office, and am participating in an investigation into Visa Fraud, Marriage Fraud, Money Laundering and other offenses.   During this investigation, I have reviewed financial records, participated in interviews and discussed the facts with DSS Special Agent Corey A. Ford, and DSS Investigator Bob Ward.  The statements herein are based on information provided by them, my personal knowledge as well as my review of documents and records gathered during the investigation.

2.      This affidavit is in support of a requested criminal complaint against TANVEER SYED for the violation of 18 USC section 1014 (Loan Fraud).

On May 3, 2007, I spoke to Shehla Khan.  She was shown a copy of a loan application dated November 20, 2005. The loan application reflected that Shehla Khan had applied for a mortgage loan in the amount of $472,000 on real property at 29198 Dixon Street, Hayward, California. Ms. Khan recognized the application and stated that the application contained false information about her income and employment.  Ms. Kahn also stated that the signature at the bottom of the application form reflecting her name had been forged.  She stated that her mortgage broker, TANVEER SYED, had admitted preparing and signing the fraudulent loan application.

4.   On May 4, 2007, Investigator Ward and I interviewed TANVEER SYED in Fremont, California. During the interview, a copy of the same application was presented to SYED. When shown the application, SYED smiled and stated that the information contained in the application was "not true." SYED admitted that she had falsely reported Ms. Khan's employment and income into the application and had forged Ms. Khan's signature in order to have the loan approved. SYED also admitted that to satisfy the lender's requirement for a "CPA letter", SYED asked Pedro Almanza to prepare a letter from "Almanza's General Business Service" of San Jose, California, to falsely represent that Almanza had previously prepared the personal and business tax returns of Shehla Khan, and to include in the letter, false employment information concerning Ms. Khan.

5.   On May 8, 2007, I interviewed Pedro Almanza and showed him a copy of the "CPA letter" that had been attached to the Shehla Khan loan application. Almanza admitted that he had prepared the letter at the request of SYED, who had provided him with the false information to be included in the letter. He said the SYED paid him $100 in cash for the letter.

6.   The loan application in question significantly overstated Ms. Khan's income. At the time, Ms. Khan was employed as a professor at San Francisco City College. The application however falsely cited income from a non-existent business, "Khan's Math & English Coaching Center" owned by Ms. Khan, and indicated that the "Coaching Center" business generated an annual income of $150,000. In fact, SYED admitted knowing that Ms. Khan had no separate business or employment other than her employment at San Francisco City

College. Income tax records show that Ms. Khan's gross income from City College amounted to about $65,000 in 2004 and $71,000 in 2005.

7. According to records of the California Department of Real Estate, SYED does not have a real estate license. Sonraj Singh, a licensed real estate broker, stated to DSS that SYED worked as a part-time, unlicensed assistant in his mortgage brokerage business in 2005 and 2006, and was not authorized to submit a loan application without his approval. Singh stated he was never asked by SYED or anyone else to review or approve the Shehla Khan loan application, and had not seen it previously.

8. Jill Truelson, the Operations Manager of Pacific First Financial Services, a mortgage bank located at 7226 N. Sepulveda Boulevard, Van Nuys, California, advised DSS that, based upon her review of the loan file, Pacific First had received the above described loan application from mortgage broker TANVEER SYED and based upon the facts contained in the loan application and attached documents, Pacific First approved the requested loan. Based on its line of credit and working arrangement with Texas Capital Bank (TCB), an FDIC insured bank, Pacific First requested that TCB provide and wire transfer the requested loan funds to the escrow company.

9. I have examined records of the First American Title Company. These records reflect that on January 30, 2006, funds in the amount of $467,280 were wire-transferred from Texas Capital Bank, Dallas, Texas, to First American Title Company, Pleasanton, California, and deposited into escrow for Ms. Kahn's purchase of the 29198 Dixon property.

10. Title18, United States Code, Section 1014, makes it a federal offense to:

[K]nowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of ... any institution the accounts of which are insured by the Federal Deposit Insurance Corporation....

11. I respectfully submit that the above facts establish probable cause to believe that TANVEER SYED has committed acts that violate Title 18 United States Code Section 1014. I request that a criminal Complaint be issued charging SYED with said violation.

MICHAEL DIAMOND
Special Agent
United States Department of State
Diplomatic Security Service

Sworn to and subscribed to before me
on this 2d day of July, 2007

JAMES LARSON
Chief United States Magistrate Judge

4